**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**SUSAN FUENTE BOOK** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:25-CV-00477–HTW-LGI**

**UNITED STATES OF AMERICA** **DEFENDANT**

---

**ORDER *DENYING* DEFENDANTS' MOTION TO DISMISS**

---

Before the Court is the Defendants' Motion to Dismiss, **[Docket no. 10]**, which argues the following: lack of subject matter jurisdiction (Rule 12(b)(1)); lack of personal jurisdiction (Rule 12(b)(2)); insufficient service of process (Rule 12(b)(5)) as to Nathan Allen Dunaway; and lack of personal jurisdiction and insufficient service of process as to the United States of America. In the juridical spotlight here are Federal Rule of Civil Procedure 12(b)(1)(subject matter jurisdiction),[1] 12(b)(2)(personal jurisdiction),[2] and 12(b)(5)(service of process).[3]

Plaintiff *sub judice* is Susan Fuente Book of Madison, Mississippi, a motorist claiming injury from an automobile accident with Defendant Nathan Allen Dunaway ("Dunaway") of Madison, Mississippi, who, at the time was employed by the United States Postal Service

---

[1] Rule 12(b) of the Federal Rule of Civil Procedure provides:
b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: 1) lack of subject matter jurisdiction;

[2] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: ... (2) lack of personal jurisdiction.
Fed. R. Civ. P. 12

[3] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: ...
(5) insufficient service of process.
Fed. R. Civ. P. 12

("USPS"), an agency of the Defendant United States of America ("United States"). Plaintiff brings her cause of action under 28 U.S.C. § 2674,[4] the Federal Tort Claims Act.

## I. PLAINTIFF'S COMPLAINT AND THE COURT'S JURISDICTION

In her complaint, Plaintiff asserts a personal injury action against the Defendants United States and Dunaway under the Federal Tort Claims Act, Title 28 U.S.C §§ 1346(b).[5] Plaintiff's complaint is predicated upon her alleged December 3, 2023, automotive accident in Madison County, Mississippi. Inasmuch as Plaintiff urges her claim against the United States under the Federal Tort Claims Act ("FTCA"), this court has subject matter jurisdiction over this lawsuit by grant of Title 28 U.S.C. § 1331.[6] Venue is proper in this, the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(e).[7]

## II. ALLEGED ACCIDENT FACTS

Plaintiff and Defendant Dunaway first encountered each other on December 6, 2023, at approximately 4:36 p.m. on a public thoroughfare on MS-Highway 51 North in the City of Madison, Madison County, Mississippi. Plaintiff was driving northbound at the time, operating a 2012 white Honda CR-V. Defendant Dunaway, also in the northbound lane, was driving 2009

[4] Title 28 U.S.C. § 2674 provides in part that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages . . ."

[5] Title 28 U.S.C. § 1346(b) provides in part that "the district courts, ..., shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred ..."

[6] Title 28 U.S.C. § 1331 provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[7] Title 28 U.S.C. § 1391(e) provides in part that "[a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or . . ."

white Ford Focus, the property of his office, the United States Postal Service ("USPS"), an agency of the United States. At the time, Defendant Dunaway, an employee of USPS, was acting within the scope, and in furtherance, of his, employment, and had USPS's permission to drive and be in possession of the 2009 white Ford Focus.

Plaintiff, headed home, was on the highway ahead of Defendant Dunaway. The roadway featured a traffic signal, which, when red, directed Plaintiff to stop. Obeying the red traffic signal, Plaintiff came to a lawful stop. While stopped, Plaintiff's vehicle was rear-ended by Defendant's 2009 white Ford Focus being driven by Defendant Dunaway. The front of Defendant's vehicle actually went under the rear bumper of Plaintiff's vehicle. Plaintiff suffered a fractured sternum, fractured ribs, and contusion on the left hand.

Following the collision, Defendant Dunaway admitted to the responding Madison Mississippi Police Department officer that he was traveling in the northbound lane of MS-Highway 51 and crashed into the rear end of the Plaintiff's vehicle.

## III. PROCEDURAL POSTURE

Pursuant to Title 28 U.S.C.A. § 2675(a), on or about January 18, 2024, Plaintiff served on the USPS a "Claim for Damage, Injury or Death, Standard Form 95" to institute the administrative claims process for Plaintiff. Six months expired, and the USPS did not issue a final determination on Plaintiff's administrative tort claims as required by 28 U.S.C.A. §§2401(b) and 2675(a). A claimant may file a lawsuit at any time after the agency's inaction for six months. 28 U.S.C. § 2675(a). Accordingly, all administrative remedies required by law have been exhausted prior to the filing of the instant matter. On January 30, 2024, Plaintiff timely filed an administrative claim pursuant to the Federal Tort Claims Act with the USPS.

On December 2, 2025, Book, Plaintiff herein, under Fed. R. Civ. P. 41(a)(1)(A), dismissed all claims asserted against Defendant Dunaway in this action, without prejudice. Plaintiff's Stipulation of Dismissal was agreed to by counsel for Defendants.

## IV. ANALYSIS

### A. Defendant Dunaway

Defendant Dunaway has been terminated as a party to this lawsuit pursuant to the Stipulation of Dismissal, filed on December 2, 2025, by the parties herein; therefore, the Motion to Dismiss, based on lack of subject matter jurisdiction, lack of personal jurisdiction, and insufficient service of process, as to Defendant Dunaway is hereby *mooted*. [Docket no. 24]. This court thus addresses as to the United States the 12(b)(5) motion to dismiss based on insufficient service of process and then the 12(b)(2) motion to dismiss based on lack of personal jurisdiction.

### B. Rule 12(b)(5): the United States

A 12(b)(5) motion to dismiss based on insufficient service of process must be made in the responsive pleading. Fed. R. Civ. P. 12(b)(5). The proper procedure for service of process is outlined in Federal Rule of Civil Procedure 4, specifically Federal Rule of Civil Procedure 4 at (i)(1)[8] which requires the serving party to deliver a copy of the summons and complaint to both the local United States Attorney and the Attorney General of the United States. Federal Rule of Civil Procedure 4(i)(4) requires the court to "allow a party a reasonable time to cure its failure to:

[8] Fed. R. Civ. P. 4(i)(1) provides that, "[t]o serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer."

(A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States [A]ttorney or the Attorney General of the United States[.]"[9]

Following Defendants' initial Motion to Dismiss, this court granted Plaintiff's Motion for Extension of Time to Serve Process. [Docket no. 14]. This court also granted Plaintiff's Second Motion for Extension of Time to Serve Process, allowing Plaintiff to serve process on the United States Attorney General by December 19, 2025.[10] [Docket no. 20]. Plaintiff successfully served the United States Attorney General on December 1, 2025, and filed the executed summons with this court on December 15, 2025. [Docket no. 28]. Accordingly, because Plaintiff properly served the local United States Attorney's Office, [Docket no. 9], and thereafter delivered a copy of the summons and complaint to the United States Attorney General within the time granted by the court pursuant to Plaintiff's Second Motion for Extension of Time, this court finds that the Defendants' Motion to Dismiss based on 12(b)(5) as to the United States is *moot*, now that service has been properly made.

**C. 12(b)(2)**

Defendant United States claims that because "service was never perfected," that "[t]his Court lacks personal jurisdiction over [the] defendant." Service of process has now been perfected following this court's granting of Plaintiff's Second Motion for Extension of Time; therefore, this argument is mooted. Accordingly, Defendant's Motion to Dismiss based on 12(b)(2) as to the United States is now denied because that service has been properly made.

[9] Fed. R. Civ. P. 4(i)(4) provides that, "[t]he court must allow a party a reasonable time to cure its failure to: (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee."

[10] This court was satisfied that good caused existed to show why Plaintiff's service was not seemingly timely: Plaintiff had filed bankruptcy in the interim and "an automatic stay" of litigation was in effect.

## V. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants Nathan Allen Dunaway and United States of America's Motion to Dismiss **[Docket no. 10]** is **DENIED.**

**SO ORDERED this the 30th day of September, 2026.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**